# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KYLER MOJE, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) Case No. 15-cv-8929 |
|       v. | ) |
| | ) Judge Joan B. Gottschall |
| FEDERAL HOCKEY LEAGUE LLC, | ) |
| NATIONAL CASUALTY COMPANY, | ) |
| THE DAVID AGENCY INSURANCE | ) |
| INC., and DON KIRNAN | ) |
| | ) |
|       Defendants. | ) |

## MEMORANDUM OPINION & ORDER

Plaintiff Kyler Moje ("Moje") filed a two-count second amended complaint ("SAC") against Federal Hockey League (the "League"), the National Casualty Company ("National Casualty"), the David Agency Insurance (the "David Agency"), and Don Kirnan ("Kirnan") seeking a declaratory judgment regarding the coverage of an insurance policy between the League and National Casualty and the David Agency. Moje alleges that the David Agency failed to procure insurance that the League requested in order to insure its players for the type of injuries sustained by Moje. Kirnan was dismissed from the action following a stipulation by the parties. Presently before the Court is the David Agency's motion to dismiss the second amended complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failing to state a claim upon which relief can be granted. An insurance producer's duty to exercise ordinary care and skill in renewing, procuring, binding, or placing the coverage requested by the insured or proposed insured extends to a foreseeable plaintiff, like Moje, harmed by the insured's tortious conduct. For the following reasons, the David Agency's motion is granted in part and denied in part. Count I as directed toward the David Agency is dismissed with prejudice.

## I.  BACKGROUND

On February 10, 2012, Moje was playing in a professional hockey game as a member of the Danville Dashers team against the Akwesasne Warriors. Both teams belonged to the League. During the game, an Akwesasne Warrior made an illegal maneuver by lifting his hockey stick and thrusting the blade end forcefully under Moje's helmet, which caused significant injury to Moje, including blindness. A lawsuit was filed in the Northern District of Illinois, alleging willful and wanton negligence against the League and a products liability action against Oakley, Inc., the manufacturer of the facemask worn by Moje. That case resulted in a default judgment against the League in the amount of $800,000. Moje has been unable to collect his judgment from the League.

On October 9, 2015, Moje filed this action seeking a declaration of the rights of the League under the insurance policy issued by National Casualty and the David Agency. Moje seeks to determine whether there is coverage under the insurance policy for the insurer to pay for a judgment entered in favor of Moje against the League. Moje filed his First Amended Complaint on October 28, 2015 following an order by this court dismissing the complaint for lack of subject matter jurisdiction.

In lieu of filing an answer, National Casualty filed a motion to dismiss Moje's first amended complaint on January 4, 2016. One day before Moje was set to file a response, he filed a second amended complaint on February 4, 2016. The second amended complaint removed Don Kirnan from the caption and added Count II. Moje directs Count II against the David Agency and seeks a declaration that the David Agency was negligent in procuring the insurance coverage sought by the League.

Moje alleges that on or about June of 2012, the David Agency produced and brokered an insurance agreement between the other two Defendants, the League and National Casualty. The insurance policy at issue, policy number KKO0000002184300, was issued for a period from October 19, 2011 to October 19, 2012. Moje attached a copy of certificate of liability insurance that identifies the League as the insured, the David Agency as the producer, and the "INSURER(S) AFFORDING COVERAGE" as National Casualty. The certificate also contains the following disclaimer:

> "THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURERS, AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER."

The David Agency filed its motion to dismiss Moje's second amended complaint on February 18, 2016. The David Agency also requested the court to strike the second amended complaint because Plaintiff did not seek the leave of court to amend its complaint in violation of Federal Rule of Civil Procedure 15(a). Defendant National Casualty filed an answer to Plaintiff's second amended complaint on February 25, 2016 denying any coverage under the insurance policy at issue.

## II. LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. For the purposes of a motion to dismiss, the court takes all facts alleged by the plaintiff as true and draws all reasonable inferences from those facts in the plaintiff's favor, although

3

conclusory allegations that merely recite the elements of a claim are not entitled to this presumption of truth. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). Federal Rule of Civil Procedure 10(c) provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Fed. R. Civ. P. 10(c). It is also well-settled in this circuit that "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. Such documents may be considered by a district court in ruling on the motion to dismiss." *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002) (citing *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir.1994)).

### III.  DISCUSSION

#### A. Motion to Strike the Second Amended Complaint

The David Agency asks the court to strike Moje's second amended complaint because he did not ask for leave to amend his complaint in violation of Rule 15. Rule 15 states that a party "may amend its pleading once as a matter of course within: 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "[I]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Even assuming that Moje retained his right to amend his complaint once as a matter of course after receiving the court's leave to amend previously, his amendment did not come until 30 days after the David Agency filed its motion to dismiss.

4

"The Supreme Court has interpreted [Rule 15] to require a district court to allow amendment unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357-58 (7th Cir. 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). In the interest of efficiency and justice, the court will not strike the second amended complaint since it would do so based only on a technicality. Moving forward, counsel should be mindful of the dates set by the Federal Rules of Civil Procedure and this court's scheduling orders.

**B. Motion to Dismiss Count I of the Second Amended Complaint**

In Count I of the second amended complaint, Moje seeks declaratory relief under the insurance policy that was in effect at the time of his injury. The crux of the parties' dispute in Count I is whether the insurance policy covers the types of injuries sustained by Moje.

"[W]here a plaintiff attaches documents and relies upon the documents to form the basis for a claim or part of a claim, dismissal is appropriate if the document negates the claim." *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 754 (7th Cir. 2002). Additionally, "where the certificate [of insurance policy] refers to the policy and expressly disclaims any coverage other than that contained in the policy itself, the courts found that the policy should govern the extent and terms of the coverage." *T.H.E. Ins. Co. v. City of Alton*, 227 F.3d 802, 805 (7th Cir. 2000) (citing *American Country Ins. Co. v. Kraemer Brothers, Inc.*, 699 N.E.2d 1056, 1060 (Ill. App. Ct. 1998) (where the certificate of insurance contains a disclaimer, the insured may not rely on the certificate but must look to the policy itself to determine the scope of coverage). *See also Pekin Ins. Co. v. American Country Ins. Co.*, 572 N.E.2d 1112, 1114–15 (Ill. App. Ct. 1991) (where the certificate of insurance contains a disclaimer and there is no conflict

between the terms of the certificate and the terms of the policy, the insured will be held to the terms of the underlying policy).

Moje, in the second amended complaint, alleges that the insurance policy at issue was between Defendants National Casualty and the David Agency. [SAC ¶ 32, ECF No. 30.] Moje also alleges that the underlying insurance policy required the David Agency to indemnify the insureds for any judgments entered against them. However, the Certificate of Liability Insurance identifies the David Agency as the producer, the League and Don Kirman as the insureds, and National Casualty as the insurer. Furthermore, the insurance policy with the number KKO0000002184300 does not mention the David Agency. [Insurance Policy, ECF No. 13-1.] Although in a motion to dismiss the court takes facts alleged in the complaint as true, documents produced by Moje clearly show that Defendant David Agency was not an insurer of the policy at issue but rather a producer. Since the documents show that David Agency was not a party to the insurance agreement, the Defendant David Agency's motion to dismiss Count I is granted.

**C. Motion to Dismiss Count II of the Second Amended Complaint**

Count II is a request for declaratory judgment against Defendant David Agency based on its role as the producer of the insurance policy. Although Moje does not expressly title Count II of his second amended complaint in this manner, his response to the David Agency's motion to dismiss makes clear that Count II is a negligence claim rather than a breach of fiduciary duty claim. As discussed below, Moje may seek a declaration that the David Agency is liable for its negligence. Further, Moje alleges sufficient facts, which, if accepted as true, establish the David Agency's liability.

1. **Moje may bring a declaratory judgment action to establish liability for the David Agency's alleged negligence.**

Moje may bring a declaratory judgment action against the David Agency to determine its liability for negligence. An injured plaintiff may seek a declaration that an insurance producer was negligent. Under the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201 (2010). "The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate." Fed. R. Civ. P. 57. While the difference between an abstract question and an "actual controversy" contemplated by the Declaratory Judgment Act is necessarily one of degree, the basic question is whether the facts alleged show a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant a declaratory judgment. *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

Here, there is an actual controversy between Moje and the David Agency. The coverage of the insurance policy is a predicate to the David Agency's liability under the negligence theory. As discussed in detail below, the David Agency owed a duty of reasonable care to Moje. As soon as National Casualty denied coverage, Moje and the David Agency were placed at odds with one another. *Cf. Broadnax v. Morrow* 762 N.E.2d 1152, 1157 (Ill. App. Ct. 2002) (finding that the statute of limitations for a producer's potential negligence liability to the insured started accruing when the insurer denied insured's claim). Although Moje could have brought an ordinary negligence claim, a declaratory judgment claim is not defeated by the "existence of another adequate remedy." *See* Fed. R. Civ. P. 57. Further, inclusion of the David Agency in this suit will allow this Court to determine the potential liabilities of all parties together and

avoid inconsistent results since both National Casualty's and the David Agency's potential liability depend on the coverage of the insurance policy. Therefore, a declaratory judgment action is appropriate.

> **2. Moje alleges sufficient facts, accepted as true, that establish the David Agency is liable for negligence**

In order to survive a motion to dismiss, Moje must allege sufficient facts, which the court accepts as true for the purposes of a motion to dismiss, that establish the David Agency's liability for negligence. In order to prevail in a negligence action, Moje must allege duty, breach, causation, and damages. As discussed below, Moje sufficiently alleges each element.

### a. Duty

Moje alleges in his second amended complaint and his response brief that the David Agency owed a duty to him to procure and obtain the type of insurance policy requested by the League.

A producer's duty to supply adequate liability coverage to the insured tortfeasor extends to an injured plaintiff. A plaintiff may bring a direct suit against insurance producer who contracted to supply a public policy to the insured for personal injuries sustained in an automobile accident. *Gothberg v. Nemerovski*, 208 N.E.2d 12 (Ill. App. Ct. 1965). The court in *Gothberg* noted that the automobile insurance policies have unique "connotations extending to the general public above and beyond the private interests of the two contracting parties" and concluded that "automobile insurance is no longer a private contract merely between two parties." *Gothberg*, 208 N.E.2d at 12. Furthermore, the insurance policy specifically provided that "[a]ny person . . . who has secured such judgment . . . shall thereafter be entitled to recover under this policy . . . ." *Gothberg*, 208 N.E.2d at 12.

Although *Gothberg* court relied on the public policy implications of automobile insurance, the Illinois courts later recognized that an injured person is deemed to have an interest in the adjudication of an insurance coverage dispute between the insured and the insurance company. *Reagor v. Travelers Ins. Co.*, 415 N.E.2d 512, 514 (Ill. App. Ct. 1980) (liability insurance abounds with public policy considerations and therefore injured members of the general public are beneficiaries of liability insurance policies). Most recently in *Skaperdas*, the Illinois Supreme Court recognized that "every person owes a duty of ordinary care to all others to guard against injuries which naturally flow as a reasonably probable and foreseeable consequence of an act, and such a duty does not depend upon contract, privity of interest or the proximity of relationship, but extends to remote and unknown persons." *Skaperdas v. Country Cas. Ins. Co.*, 28 N.E.3d 747, 754 (Ill. 2015) (citing *Simpkins v. CSX Transportation, Inc.*, 965 N.E.2d 1092 (Ill. 2012). Further, "[a] tort-claimant in an underlying action has a substantial right in the viability of a policy of insurance that might be the source of funds available to satisfy the tort claim, and such a claimant possesses rights in the insurance contract which vest at the time of the occurrence giving rise to the underlying claim." *Record-A-Hit, Inc. v. Nat'l Fire Ins. Co. of Hartford*, 377 Ill. App. 3d 642, 645, 880 N.E.2d 205, 207 (2007) (citing to a collection of cases holding the same).

The David Agency points out that recent Illinois cases have highlighted the *Gothberg* court's reliance on public policy considerations relating automobile insurance. For instance, in *Central Mutual Insurance Company v. Tracy's Treasures*, the Illinois Appellate Court distinguished *Gothberg*, and argued that those public policy considerations are inapplicable in other contexts. 19 N.E.3d 1100, 1126 (Ill. App. Ct. 2014). The court ruled that there was no "corresponding public policy requiring those who advertise their businesses through electronic

transmissions to carry liability insurance to cover the possibility that those to whom the advertisements are transmitted have not consented to receive them." *Id.* However, *Tracy's Treasures* and the other cases cited by the David Agency do not foreclose Moje's claim that the David Agency negligently failed to procure the type of insurance coverage that the League sought. Moje's underlying claim—a personal injury tort—bears a closer relationship to the long line of Illinois cases placing a duty on an insurance producer in automobile accident cases to injured plaintiffs than the cases cited by the David Agency, which relate to business tort claim like the TCPA. An insurance producer's duty to "exercise ordinary care and skill in renewing, procuring, binding, or placing the coverage requested by the insured or proposed insured," extends to a plaintiff who suffers personal injuries by the insured. 735 ILCS 5/2-2201(a) (2010).

Turning to the facts alleged in the second amended complaint, Moje alleges that the David Agency was the producer of the insurance policy between the League and National Casualty. Further, the League requested from the David Agency to be insured against the type of loss sustained by Moje. The League's request to be covered for the type of injury sustained by Moje may be specific enough to trigger the David Agency's duty to exercise ordinary care and skill to obtain the coverage requested by the League. Moje will need to prove with more specificity whether such request was actually made, and whether it was sufficient to trigger the David Agency's duty. At this stage, however, Moje has sufficiently alleged that the David Agency had a duty to exercise ordinary care towards him.

### b. Breach

Moje sufficiently alleges a breach of duty by the David Agency. Specifically, Moje alleges, as an alternative theory to his claim against National Insurance, that the insurance policy

10

did not cover his injuries. A plaintiff is allowed to allege causes of action in the alternative. Therefore, the allegations show sufficient breach by the Defendant David Agency.

   c. Causation

Moje sufficiently alleges causation because he alleges that if the National Casualty is correct that his injuries are not covered by the insurance policy, Moje may not be able to recover his losses. Therefore, the David Agency's failure to procure the type of insurance sought by the League has caused Moje harm.

Moje need not wait until his case against the insurer is resolved in order to bring an action against the producer. In *Broadnax v. Morrow*, the Illinois Appellate court held that the plaintiff insured should have reasonably known of the defendant insurance producer's possible negligence when the plaintiff's insurer denied his claim and therefore concluded that the plaintiff's negligence claim was barred by statute of limitations. 762 N.E.2d 1152, 1157 (Ill. App. Ct. 2002). In light of *Broadnax*, although the negligence claim against the David Agency may eventually turn out to be fruitless, Moje is allowed to plead alternative theories.

   d. Damages

Moje sufficiently alleges damages because he was awarded a judgment of $800,000 and has not been able to recover any of it.

Accordingly, Defendant David Agency's motion to dismiss Count II is denied.

### IV.    CONCLUSION

For the foregoing reasons, Defendant David Agency's Motion to Dismiss [32] is granted in part and denied in part. Count I is dismissed. Status is set for October 7, 2016.

Date: September 19, 2016               /s/

                                       Joan B. Gottschall
                                       United States District Judge